```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT


EUGENE B. LAUREL,                  :
        Petitioner,                :
                                   :              PRISONER
     v.                            :  Case No.  3:05CV1255(PCD)
                                   :
WARDEN JOHN TARASCIO,              :
        Respondent.                :
```

ORDER

Petitioner drafted this petition on a form designed for use by inmates challenging state convictions. He deleted the reference to 28 U.S.C. § 2254 and inserted a reference to 28 U.S.C. § 2241.

On September 8, 2005, the court noted that petitioner's claim appeared to challenge his federal conviction and should have been filed pursuant to 28 U.S.C. § 2255. The court instructed petitioner that if he intended to file this action to challenge his federal conviction he must complete a section 2255 form and return it to this court with a motion to have the action recharacterized as filed under section 2255 or if he intended to file a claim pursuant to 28 U.S.C. § 2241 regarding the conditions of his confinement, he should withdraw this action and file his petition in the district in which he is incarcerated. The court enclosed a section 2255 form with its order.

Petitioner has not complied with this order. Instead, he submitted a notice that he is attempting to exhaust his administrative remedies within the Federal Bureau of Prisons. Petitioner does not identify the claim he is attempting to exhaust and the court can discern no challenge to conditions of confinement or the administration of his sentence in the petition. Petitioner appears to be challenging this court's September 1, 2004, proceeding in which petitioner's supervised release was revoked and he was sentenced to a term of imprisonment of twelve months and one day. As the court indicated in the September 2005 order, that challenge should be made pursuant to section 2255. See Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001) (section 2255 motion is considered "the proper vehicle for a federal prisoner's challenge to [the imposition of] his conviction and sentence").

Petitioner does not indicate whether he already has filed a section 2255 motion. A review of the court's docket reveals no motion filed challenging the revocation of supervised release. The Second Circuit has held that when a petitioner has never filed a section 2255 motion, the district court may not simply construe a petition for writ of habeas corpus brought pursuant to section 2241 as a section 2255 motion. See Adams v. United States, 155 F.3d 582, 583-84 (2d Cir. 1998).

Petitioner, therefore, is afforded **thirty (30)** days from the

date of this order to submit a section 2255 form clearly identifying the grounds on which he is challenging the revocation of supervised release.  Failure to submit a section 2255 form and a request to have this action recharacterized as filed pursuant to section 2255 will result in the dismissal of this action for failure to comply with an order of the court.  Petitioner is hereby on notice that, because the limitations period now has run, he may be precluded from asserting this challenge if he fails to comply with the court's order.  The Clerk is requested to send petitioner another section 2255 form with this order.

**SO ORDERED** this 16th day of November, 2005, at Bridgeport, Connecticut.

                                        /s/
                                HOLLY B. FITZSIMMONS
                                UNITED STATES DISTRICT JUDGE